# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**OLUGBEMIGA ABIDEMI OKE**,

     Plaintiff,

v.                                  Case No. 8:23-cv-02558-WFJ-TGW

**PRONTOWASH, LLC**, *et. al.,*

     Defendants.

_____/

## ORDER GRANTING FINAL DEFAULT JUDGMENT

Before the Court is Plaintiff Olugbemiga Abidemi Oke's ("Mr. Oke" or "Plaintiff") Motions for Default Judgment and Attorney fees, Dkts. 55 & 59, together with several affidavits filed in support of the motions. Dkts. 55-1, 55-2; 59-1. Previously, the Clerk of the Court entered a default under Rule 55(a). Dkt. 33. After carefully considering the allegations of the Complaint, Dkt. 1, Plaintiff's submissions, and the entire file, the Court grants the motions for default judgment and attorney fees.

## BACKGROUND

On November 8, 2023, Mr. Oke commenced this action with the filing of his complaint asserting fifteen causes of action:

    COUNT I – FRAUDULENT MISREPRESENTATION
    COUNT II – SECURITIES FRAUD – 15 U.S.C. § 77l
    COUNT III – FLORIDA SECURITIES AND INVESTOR
    PROTECTION ACT, FLA. STAT. § 517.011 et. seq.

COUNT IV – THE SECURITIES ACT OF TEXAS, Tex. Gov't Code § 4001.001 et. seq.
COUNT V – THE NORTH CAROLINA SECURITIES ACT, N.C. Gen. Stat. § 78A-1 et. seq.
COUNT VI – [Racketeer Influenced and Corrupt Organizations Act ("RICO")] – 18 U.S.C. § 1962(a)
COUNT VII – RICO – 18 U.S.C. § 1962(b)
COUNT VIII – RICO – 18 U.S.C. § 1962(c)
COUNT IX – UNJUST ENRICHMENT
COUNT X – VIOLATION OF THE FLORIDA FRANCHISE MISREPRESENTATION ACT, Fla. Stat. § 817.416 et. seq.
COUNT XI – VIOLATION OF THE FLORIDA SALE OF BUSINESS OPPORTUNITIES ACT, Fla. Stat. § 559.80 et. seq.
COUNT XII – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, Florida Statute § 501.201, et. seq.
COUNT XIII – VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT, Tex. Bus. & Com. Code § 17.41 et. seq.
COUNT XIV – VIOLATION OF THE NORTH CAROLINA SALE OF BUSINESS OPPORTUNITIES ACT, N.C. Gen. Stat. § 66-94 et. seq.
COUNT XV – VIOLATION OF THE NORTH CAROLINA CONSUMER PROTECTION ACT, N.C. Gen. Stat. § 75-1.1

*See* Dkt. 1.

The fifteen counts stem from a fraudulent franchise agreement where Defendants failed to deliver to Plaintiff a fifty-percent stake in a car-wash franchise. *Id.* ¶¶ 21, 35, 50, 66. Plaintiff also alleges that he is not the first victim to fall prey to Defendants' franchise scheme. In August 2023, a Mexico foreign national obtained a final judgment on their RICO claim and other causes of action against two of Defendants in this case (Jonathan Munsell & ProntoWash LLC) in the United

States District Court for the Southern District of Florida—Case No.: 1:22-cv-21806-RNS. *Id.* ¶ 67.

Each of the Defendants was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure and has proper notice of this action. Dkts. 17–24, 29. As of the date of this Order, Defendants James Bornamann, Jonathan Munsell, PW Houston Downtown LLC, ProntoWash LLC, ProntoWash Management LLC, and Success Systems MGMT LLC have failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

On December 20, 2023, Plaintiff filed a motion for entry of a Clerk's default against Defendants James Bornamann, Jonathan Munsell, PW Houston Downtown LLC, ProntoWash LLC, ProntoWash Management LLC, Success Systems MGMT LLC, and Scott Wyler. Dkt. 31. On December 22, 2023, the Clerk entered defaults against those Defendants. Dkt. 33. However, Plaintiff voluntarily dismissed three Defendants without prejudice from the suit: Scott Wyler, Stanley Weiss, and Achilles Capital Management Group LLC. Dkts. 50 & 56. Accordingly, the only remaining Defendants in the case are James Bornamann, Jonathan Munsell, PW Houston Downtown LLC, ProntoWash LLC, ProntoWash Management LLC, and Success Systems MGMT LLC.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, after the Clerk of Court enters default against the defendants and the defendants fail to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against the defendants. Fed. R. Civ. P. 55(b)(2). But the Court must then ascertain whether "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The burden on the movant in this context is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.") (per curiam) (citing *Surtain*, 789 F.3d at 1245). Thus, a court looks to see whether the complaint contains adequate factual averments, which—if accepted as true—state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If the Court finds that the plaintiff has adequately stated claims for relief, a court must then address the issue of damages. A court may conduct an evidentiary hearing on that question, Fed. R. Civ. P. 55(b)(2)(B) but need not do so where the

sought-after damages constitute a liquidated sum, are capable of mathematic calculation, or "where all essential evidence is already of record," *Secs. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted); *see also Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007) (observing that a court may grant statutory damages which are predicated "upon affidavits and other documentary evidence if the facts are not disputed"). Resolution of the damages issue is ultimately left to a court's sound discretion. *Axiom Worldwide, Inc. v. Excite Med. Corp.*, 591 F. App'x 767, 775 (11th Cir. 2014).

## DISCUSSION

As an initial matter, because Defendants have defaulted, they have admitted the truth of the Complaint's well-pleaded allegations. *See Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). As such, the Court accepts as true Plaintiff's allegations that "Defendants' pattern and practice is to hold themselves out as an international franchise system but ultimately dupe foreign nationals into giving them money with no control over how the funds were spent or what happened to the funds and then stop communicating." Dkt. 1 ¶ 66. In his Complaint, Plaintiff seeks relief in the form of compensatory damages, treble damages, attorney's fees, and costs. The Court concludes that Plaintiff has established entitlement to all requested damages and set forth a sufficient basis to

5

enter final default judgment jointly and severally against Defendants for all fifteen counts.

## I.    Compensatory Damages

Whether its claims are styled under RICO, fraudulent representation, securities fraud, or unjust enrichment, Plaintiff sustained $33,750 in compensatory damages during Defendants' fraudulent franchising scheme. Dkt. 1 ¶¶ 52, 58-68; Dkt. 55-2. Plaintiff, "pursuant to instructions from Mr. Munsell and James Bornamann, made a series of wire transfers to the account of 'Success Systems MGMT LLC d/b/a ProntoWash' totaling $30,000." *Id.* ¶ 52. Additionally, based on Defendants' fraudulent representation that there were already "42 active franchisees with [E-2 Investor Visas]", Plaintiff paid $3,750 for legal services in connection with his E-2 Investor Visa application. *Id.* ¶¶ 30, 35(l.), 44, 50, 56; Dkt. 55-2. Had the Defendants not induced Plaintiff to enter into this scheme to defraud foreign nationals seeking legitimate investments in American franchised businesses to support their visa applications, then Plaintiff would not have lost $33,750. Plaintiff is entitled to $33,750 of compensatory damages.

## II.    RICO Treble Damages

The federal RICO Act "allows [a]ny person injured in his business or property by reason of a RICO violation to bring a civil suit." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1263 (S.D. Fla. 2015) (alteration in original) (internal marks omitted)

(quoting 18 U.S.C. § 1964(c)). Plaintiffs "suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff[s]." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (citation omitted).

Here, the Court finds Plaintiff's Complaint has sufficiently pled all the elements necessary for the civil RICO claims in Counts VI, VII, and VIII. Each of the entity Defendants is an enterprise, and the association of all the remaining Defendants is an association-in-fact enterprise. Indeed, the purpose of the (fraudulent) enterprise is to convince foreign nationals seeking investment into a US franchised business that ProntoWash is a legitimate opportunity, then get victims to wire money directly to Defendants Munsell and Bornamann who abscond with the funds for their personal use. Dkt. 1 ¶¶ 62-68.

As discussed in Plaintiff's Complaint and supplemental brief, each Defendant plays a role in the enterprise:

> ProntoWash LLC is the "franchisor" offering the franchise opportunity; ProntoWash Management LLC bolsters the claims of legitimacy so that the "franchise" appears to have additional operational management support; the defendants form a new entity to serve as the purported "partnership franchisee", in this case PW Houston Downtown LLC; the indviduals hold their "partnership" interest in each new entity through Success Systems Mgmt LLC; James Bornamann manages the receipt of funds from the foreign national victims and transfers and distributes

the funds amongst the enterprise participants; Jonathan Munsell is the primary manipulator and front-man for the enterprise; both Munsell and Bornamann individually receive and abscond with the funds.

Dkt. 58 at 5; *see* Dkt. 1 ¶¶ 30-71.

Plaintiff has also properly alleged at least two predicate acts under the RICO statutes.[1] First, Defendants directed Plaintiff to view a video hosted on YouTube and posted (at the time) on their website. Dkt. 1 ¶¶ 45-48; Dkt. 1-4 (showing screenshots from the video). The video makes numerous fraudulent misrepresentations that were key to the bait-and-switch scheme of Defendants. Second, Defendants used the internet to tell Plaintiff that they had an "expedited [visa] process" that secured "45 successful visas" and had "42 active owners with US visas." Dkt. 1 ¶ 44; Dkt. 1-4. Contrary to the representations made, Defendants had no active E-2 Visa owners. Dkt. 1 ¶ 35.

Additionally, beyond the wire fraud scheme perpetrated against Plaintiff Oke, Defendants have engaged in a pattern of racketeering activity by defrauding other victims. In addition to the Southern District of Florida plaintiff who received default judgment (Dkt. 1 ¶ 67), Plaintiff's supplement brief provides more victims:

> On May 27, 2022, Sergio Macrobio filed a complaint against Pronto Wash, LLC and Jonathan Munsell upon similar facts in the Circuit Court for the Thirteenth Judicial Circuit for the State of Florida, Case No. 22-CA-004496 and obtained a final judgment on December 28, 2022.

---

[1] Fraudulent representations by use of mail (18 U.S.C. § 1341) or by wire, television, or radio (18 U.S.C. § 1343) are predicate acts under the RICO statutes. *See* 18 U.S.C. § 1961(1).

> On September 15, 2022, a final judgment for $300,000 was obtained against Jonathan Munsell and Pronto Wash LLC by Hey Change Corp. in the Wake County North Carolina Superior Court division, Case no. 22cvs6928. . . .
>
> On September 23, 2024 Canadian foreign nationals, Samad and Sania Kadri filed suit against defendants (same individual defendants with one variation in corporate defendants), setting forth the same fraudulent scheme, in the United States District Court for the Middle District of Florida, case number 8:24-cv-02233-MSS-NHA.

Dkt. 58 at 7.

Finally, Defendants' racketeering activities have caused injury to Plaintiff. Mr. Oke relied on the fraudulent misrepresentations and paid Defendants $30,000 through a series of wire transfers. Dkt. 1 ¶ 52.

Under 18 U.S.C. § 1964(c), violations of 18 U.S.C. § 1962 are punishable by "threefold the damages [the plaintiff] sustains" from the RICO violation. 18 U.S.C. § 1964(c). "This damages award is mandatory." *CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, No. 21-CV-60462, 2022 WL 225851, at *2 (S.D. Fla. Jan. 26, 2022) (quoting *Watchous Enters., LLC v. Pac. Nat'l Cap.*, No. 16-1432-DDC, 2021 WL 4399493, at *3 (D. Kan. Sept. 27, 2021)); *McCullough v. City of Montgomery, Alabama*, No. 2:15-CV-463 (RCL), 2019 WL 2112963, at *10 (M.D. Ala. May 14, 2019). Threefold of $33,750 is $101,250. After subtracting $33,750 of compensatory damages already to be awarded, Plaintiff is entitled to a remaining treble damages award of $67,500.

### III.   Attorney's Fees and Costs

To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). "Under 18 U.S.C. § 1964(c), in assessing the appropriate amount of attorneys' fees, 'the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate.'" *Fed. Ins. Co. v. Campbell*, No. 3:13CV429/MCR/CJK, 2014 WL 1922847, at *6 (N.D. Fla. May 14, 2014) (quoting *Catz v. Alternative Home Financing, Inc.*, No. 2:04–cv–356–FtM–34DNF, 2007 WL 4285355, at *3 (M.D. Fla. Nov. 30, 2007)).

Here, Plaintiff's Attorney Mary Clapp billed 59.2 hours at the case rate of "three hundred fifty dollars ($350) per hour, which is less than [Clapp's] standard billable hour rate." Dkt. 59-1; Dkt. 59 ¶ 12. Ms. Clapp has been eligible to "practice law since February 2005 and [has] previously tried a RICO case before this Court as lead attorney." Dkt. 59-1. The Court finds the requested rate of $350 an hour is reasonable considering counsel's experience, the type of litigation, and the

completely successful outcome for her client. *See Campbell*, 2014 WL 1922847, at

*6 (finding attorneys rates up to $450 hours reasonable in federal RICO case);

*Omnipol, A.S. v. Worrell*, No. 8:19-CV-794-VMC-TGW, 2022 WL 18157514, at *3

(M.D. Fla. Dec. 19, 2022), *report and recommendation adopted*, No. 8:19-CV-794-

VMC-TGW, 2023 WL 130730 (M.D. Fla. Jan. 9, 2023) (finding a rate of $350 per

hour for a Florida RICO case is reasonable); *Rogers v. Nacchio*, No. 05-60667-CIV,

2007 WL 1064314, at *7 (S.D. Fla. Apr. 6, 2007) (noting "rates for complex

securities and RICO litigation range from $300 to $500 per hour" in the Southern

District of Florida).

 As for the costs of litigation, Plaintiff attaches affidavits and an itemized

report. Dkts. 55-1, 55-2, & 59-1. The federal RICO statute provides that a successful

plaintiff may recover reasonable attorneys' fees and costs. *See* 18 U.S.C. § 1964(c);

*Gordon v. Getter*, No. 3:08-CV-068-JTC, 2010 WL 11500084, at *5 (N.D. Ga. Aug.

31, 2010); *Campbell*, 2014 WL 1922847, at *6. Rule 54(d) of the Federal Rules of

Civil Procedure governs the award of costs. It provides that costs other than

attorneys' fees should be allowed to the prevailing party unless the court otherwise

directs. Fed.R.Civ.P. 54(d)(1). Upon a review of the affidavits submitted by

Plaintiff's counsel in support of the motion for default judgment, the Court grants

the requested attorneys' fees in the amount of $20,720 and costs in the amount of

$2,240.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment, Dkt. 55, is **GRANTED.**

2. Pursuant to 18 U.S.C. § 1964(c), Plaintiff shall recover $33,750 in compensatory damages and $67,500 in treble damages (total amount $101,250).

3. Plaintiff's Motion for Attorneys fees, Dkt. 59, is **GRANTED.**

4. Pursuant to Fed.R.Civ.P. 54(d) and 18 U.S.C. § 1964(c), Plaintiff shall recover requested attorneys' fees in the amount of $20,720 and costs in the amount of $2,240.

5. The Clerk is directed to enter a final default judgment in favor of Plaintiff Oke against Defendants James Bornamann, Jonathan Munsell, PW Houston Downtown LLC, ProntoWash LLC, ProntoWash Management LLC, and Success Systems MGMT LLC, jointly and severally, consistent with paragraphs 2 and 4, together with post-judgment interest to accrue at the legal rate, all for which let execution issue forthwith.

6. The Clerk is directed to terminate any pending deadlines and close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 26, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

12